# Mel S. Harris and Associates, LLC

| | ATTORNEYS AT LAW | |
|---|---|---|
| MEL S. HARRIS | 5 HANOVER SQUARE, 8th Floor | HILARY KORMAN |
| DAVID WALDMAN | NEW YORK, NY 10004 | JOEL VAGO |
| ARTHUR SANDERS | Tel (866) 414-7444  (212) 571-4900 | SHELBY K. BENJAMIN |
| SCOTT WORTMAN | Fax (212) 571-0965 | RACHEL HISLER |

June 18, 2012

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

*RE*:  **LETTER MOTION FOR AN ORDER TO CONDUCT DEPOSITION BY REMOTE MEANS, OR, ALTERNATIVELY, AN ORDER DIRECTING PLAINTIFF TO PAY DEFENDANT'S COUNSEL FEES AND EXPENSES FOR ATTENDANCE AT DEPOSITION IN ARIZONA PURSUANT TO LOCAL CIVIL RULE 30.1**
*Raymond Heiney against Primary Financial Services, LLC. et al*
E.D.N.Y. Case No. 2:11-cv-05768-DRH-ARL

Dear Magistrate Judge Lindsay:

This firm is counsel to the defendants in the above-referenced action. Plaintiff noticed a deposition of Tim White, a fact witness and named party, in Phoenix, Arizona, on **June 27, 2012** (see a copy of the subject deposition notice at Exhibit A). This letter motion is being submitted for the purpose of seeking 1) an order to conduct the deposition by telephone or other remote means pursuant to Fed.R.Civ.P. 30(b)(4), or, alternatively, 2) an order directing plaintiff to pay defendant's counsel fees and expenses prior to travel to Arizona pursuant to Local Civil Rule 30.1. As will be described in more detail below, the parties have met and conferred, by telephone and e-mail, on a variety of occasions pursuant to Local Civil Rule 37.3 but have been unable to resolve the dispute without Court intervention.

As background, this case is about a telephone conversation that took place on or around August 17, 2011 between plaintiff and debt collector Tim White. The plaintiff alleges that, among other things, plaintiff was contacted at a place of business called the Hat Box about a defaulted account. Allegedly, after plaintiff answered the telephone, certain things were said to plaintiff that caused him to feel harassed, resulting in alleged emotional distress. As a result, plaintiff claims individual violations of the Fair Debt Collections Practices Act, to wit, 15 U.S.C. §§ 1692d, 1692d(2) and 1692d(5), and requests statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(a) and actual damages pursuant to 15 U.S.C. § 1692k(a)(1). Primary Financial Services, LLC. (hereinafter "Primary") maintained a recording of the conversation at issue and it was furnished to plaintiff several months ago.

Because this case relates to a conversation which was captured by a recording, the facts are straightforward. Further, Mr. White's personal recollection of a conversation of almost one year ago, if any, will not be extensive, especially where he speaks to a plethora of consumers on a daily basis. In addition, Mr. White is not the corporate representative of Primary and is not competent to testify about Primary's policies, procedures, and the like. Moreover, the deposition will be fact-intensive, focused on the conversation at issue, rather than reliant on documents that would need to be displayed to Mr. White by plaintiff's counsel. As a result of the

above, Mr. White's deposition should be brief, limited in scope, and patently reasonable to conduct by remote means[1], especially where the alternative is for two lawyers to expend a great deal of time and money to fly across the country for a deposition that will not last longer than two hours. To that end, plaintiff's counsel has conducted remote video depositions in the past and it is unclear why said method, which is favored in this District (*see* Local Civil Rule 30.2), is not agreeable in this case.

If the Court is disinclined to grant defendants' primary request for relief, defendants alternatively request that plaintiff be ordered to pay the expenses and counsel fees of defendant's counsel for travel and attendance in Phoenix, Arizona prior to the deposition at issue as the location is more than 100 miles from the courthouse. *See* Local Civil Rule 30.1.[2] As the Court will note, there is no heightened standard for awarding the relief carved out by Local Civil Rule 30.1 beyond the making of the instant application. *See also Mengele v. Patriot II Shipping Corp.,* 2001 WL 1160661 (S.D.N.Y.), Case No. 99-Civ.-8745(LTS)(KNF)(upholding order for defendant to pay costs of plaintiff's counsel for out-of-state deposition); *Commodity Futures Trading Commission v. Commodity Investment Group, Inc.*, 2005 WL 3030816, at *2 (S.D.N.Y.), Case No. 05 Civ. 5741 (requiring plaintiff to pay expenses of defendant's counsel in connection with distant depositions); *In re Fosamax Products Liability Litigation*, 2009 WL 539858 at *2-3 (S.D.N.Y.), Case No. 1:06–MD–1789 (JFK)(JCF).

Counsel for plaintiff and defendant have met and conferred on this issue on at least five occasions, by phone and e-mail, over the past two weeks. The undersigned has recommended that the deposition occur by video or telephone for the above reasons but plaintiff's counsel refuses to consent. Defendant's counsel has also requested that plaintiff agree to pay its costs and fees for its counsel's attendance at the Arizona deposition in lieu of the instant application, but plaintiff's counsel has refused.

For all of these reasons, defendants respectfully request that the above-referenced relief be granted in its entirety. Thank you for your consideration.

Warm Regards,

_____/s/ Hilary Korman_____
Mel S. Harris & Associates, LLC
By: Hilary F. Korman, Esq.
5 Hanover Square, 8th Fl.
New York, NY. 10004
Direct Dial: (212) 571-4900 Ext. 3309
Direct Facsimile: (212) 660-1018
E-mail: hkorman@melharrislaw.com

cc:
Counsel for Plaintiffs
Abraham Kleinman and William F. Horn
*Via Electronic Mail and ECF*: Bill@wfhlegal.com, akleinman@kleinmanllc.com

---

[1] As far as the sort of remote means, defendant does not have a preference. It can be by phone, video, or whatever method plaintiff is comfortable with.

[2] "When a deposition upon oral examination is to be taken at a place more than one hundred (100) miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party **shall** pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken."